IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREGORY LAMAR BLACKMON,

    Petitioner,
v.                                              CASE NO. 4:15-cv-161-WS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, and is proceeding pursuant to an Amended Petition, ECF No. 6. This case is now before the Court on Respondent's motion to dismiss the petition as barred by the one-year limitations period of 28 U.S.C. § 2244(d)(1). ECF No. 20. Petitioner has filed a response in opposition to the motion. ECF No. 22. For the following reasons, the undersigned recommends that the motion to dismiss be denied and this case be remanded for further proceedings.

As will be explained, the Respondent has erred in basing the motion to dismiss on the filing date of the Amended Petition rather than the date of the original Petition. Because resolution of this motion is straightforward, it

is unnecessary to exhaustively discuss the state-court record or the caselaw analyzing the federal habeas limitations period.  The procedural background of this case is established by the state court records appended to Respondent's motion, and there is no dispute as to the accuracy of that summary.

As Respondent's summary of the record reflects, Petitioner's armed robbery conviction and life sentence became final for purposes of triggering the one-year federal limitations period on March 1, 2012, after the First DCA affirmed *per curiam* and the 90-day period for seeking certiorari review in the U.S. Supreme Court expired.  ECF No. 20-1 Exh. R. With tolling for various state postconviction proceedings, Petitioner had until April 1, 2015, to file a timely federal habeas corpus petition.  ECF No. 20 at 6.  Respondent contends that Petitioner did not file his Petition until June 8, 2015, 68 days beyond expiration of the limitations period.  *Id.*

Respondent is mistaken.  Petitioner initiated this case by filing his original Petition, ECF No. 1, pursuant to the prison mailbox rule, by providing it to prison authorities at Okaloosa CI for mailing on March 16, 2015.  ECF No. 1 at 15.   The Court required Petitioner to file an Amended Petition only because the original petition exceeded the Court's local rule

governing page limits.  See ECF No. 4.  Petitioner complied by filing the Amended Petition, ECF No. 6, on June 4, 2015, the date he placed it in the prison mail system.  ECF No. 6 at 25.  It is the filing date of the *original* petition, however—March 16, 2015—that governs the timeliness of this habeas corpus proceeding.  See *Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.").  This habeas corpus proceeding is therefore timely, and the motion to dismiss is due to be denied.

Accordingly, it is respectfully **RECOMMENDED:**

1. Respondent's Motion to Dismiss, ECF No. 20, should be **DENIED**.

2. This case should be remanded for further proceedings.

**IN CHAMBERS**  this 15th day of July 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.